CRAWFORD, Chief Judge
(dissenting):
Rule for Courts-Martial 910(c) [hereinafter R.C.M.], like Federal Rule of Criminal Procedure 11(c) [hereinafter Federal Rule], requires that Appellant understand the nature *120 of the offense to which a guilty plea is offered. As the Supreme Court has indicated, this may be satisfied by the “factual statement,” the “stipulation,” or “representation” by counsel that the offense was committed. Henderson v. Morgan, 426 U.S. 637, 646, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). Because R.C.M. 910(c) is similarly satisfied here, I respectfully dissent.
When an accused enters a guilty plea, the military judge must ensure that the plea meets the requirements of the Constitution, Uniform Code of Military Justice [hereinafter UCMJ], and Manual for Courts-Martial, United States (2002 ed.) [hereinafter MCM]. In McCarthy v. United States, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the Supreme Court stated:
By personally interrogating the defendant, not only would the judge be better able to ascertain the plea’s voluntariness, but he also will develop a more complete record to support his determination in a subsequent post-conviction attack____ Both of these goals are undermined in proportion to the degree the ... judge resorts to “assumptions” not based upon record responses to his inquiries.
In United States v. Care, 18 C.M.A. 535, 40 C.M.R. 247 (1969), the Court applied McCarthy to the military, establishing a much more detailed plea inquiry than had previously been required.[1]
In 1984, R.C.M. 910(c)(l)-(5) codified the elements of a Care inquiry, requiring that the accused understand (1) the nature of the charges to which the plea is offered; (2) the possible sentence for each offense to which the plea is offered; (3) the consequences of the plea; (4) right to counsel; and (5) what rights will be waived as a result of the plea. Rule for Courts-Martial 910 does not violate either the Constitution or the UCMJ, and therefore is binding upon us. See, e.g., United States v. Scheffer, 523 U.S. 303, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998); United States v. Kossman, 38 M.J. 258 (C.M.A.1993).
The analysis to R.C.M. 910(c) indicates that “this subsection is taken from [Federal Rule] 11(c) and is consistent” with the Supreme Court cases of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and McCarthy. Rule for Courts-Martial 910(d), like Federal Rule 11(d), also requires a factual basis for the plea. Most significantly, the language of R.C.M. 910(c) tracks verbatim the language of Federal Rule 11(c). Given the link between Federal Rule 11(c) and R.C.M. 910(c), Supreme Court *121 precedent is applicable in our interpretation of R.C.M. 910.
In Morgan, the Supreme Court addressed how a trial court may determine that the defendant understands the nature of a charge. The defendant, who had a functioning intelligence quotient ranging between 68 and 72, was indicted for first degree murder, but pleaded guilty to second degree murder on the advice of counsel and based on an agreement with a prosecutor. The Court noted that
[i]n direct colloquy with the trial judge respondent stated that his plea was based on the advice of his attorneys, that he understood he was accused of killing Mrs. Francisco ..., that he was waiving his right to jury trial and that he would be sent to prison. There was no discussion of the elements of the offense of second-degree murder, no indication that the nature of the offense had been discussed with the respondent, and no reference of any kind to the requirement of intent to cause the death of the victim.
426 U.S. at 642-43, 96 S.Ct. 2253. The Court held that “[sjince respondent did not receive adequate notice of the offense to which he pleaded guilty, his plea was involuntary and the judgment of conviction was entered without due process of law.” Id. at 647, 96 S.Ct. 2253.
There is nothing in this record that can serve as a substitute for either a finding after trial, or a voluntary admission, that respondent had the requisite intent. Defense counsel did not purport to stipulate to that fact; they did not explain to him that his plea would be an admission of that fact; and he made no factual statement or admission necessarily implying that he had such intent. In these circumstances it is impossible to conclude that his plea to the unexplained charge of second-degree murder was voluntary.
Id. at 646, 96 S.Ct. 2253 (emphasis added).
As to the “critical” elements of the offense, the Court noted:
There is no need in this case to decide whether notice of the true nature, or substance, of a charge always requires a description of every element of the offense; we assume it does not. Nevertheless, intent is such a critical element of the offense of second-degree murder that notice of that element is required.
Id. at 647 n. 18, 96 S.Ct. 2253.
While the Court did not say what obligation the judge had with respect to the elements of the offense, the Court suggested that even if the judge makes no such inquiry, “a representation [on the record] by defense counsel that the nature of the offense has been explained to the accused” will suffice. Id. at 647, 96 S.Ct. 2253. Indeed, “it may be appropriate to presume that in most cases defense counsel routinely explained the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit.” Id. The Court presumed that the defense counsel had informed the defendant of the element of the charges that included a count of attempted murder, but no other attempt charges.
In Marshall v. Lonberger, 459 U.S. 422, 438, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983), the Supreme Court concluded that the defendant’s plea was voluntary because he must “have understood the judge’s reference to [his] ‘attempt on Dorothy Maxwell, with a knife’ as a reference to the indictment’s charge of attempt to kill.” Morgan further suggests that if defense counsel does not certify such advice as to the nature of the offense, a plea is valid only if a defendant provides a “factual statement or admission necessarily implying that he [met all critical elements].” 426 U.S. at 646, 96 S.Ct. 2253. Such a factual statement absolves the judge from making an inquiry into the defendant’s understanding of the charges.
Rule for Courts-Martial 910(d), like Federal Rule 11(d), requires that the court ensure that the plea is voluntary and intelligently made. It requires the military judge to address the accused personally to determine that the plea is voluntary and not “the result of force or threats or of promises apart from the plea agreement under R.C.M. 705.” The discussion to R.C.M. 910 requires that there be a “factual basis for the plea.” In North Carolina v. Alford, 400 U.S. 25, 38, 91 *122 S.Ct. 160, 27 L.Ed.2d 162 (1970), the Court upheld the plea “[i]n view of the strong factual basis for the plea demonstrated by the State and Alford’s clearly expressed desire to enter it despite his professed belief in his innocence.” The Court continued: - .
Because of the importance of protecting the innocent and of insuring that guilty pleas are a product of free and intelligent choice, various state and federal court decisions properly caution that pleas coupled with claims of innocence should not be accepted unless there is a factual basis for the plea ... and until the judge taking the plea has inquired into and sought to resolve the conflict between the waiver of trial and the claim of innocence.
Id. at 38 n. 10, 91 S.Ct. 160 (citations omitted). Conversely, if such a factual basis is established, the judge is not prevented from accepting an otherwise intelligent and voluntary plea even if in the civilian sector he refuses to admit guilt. Such an Alford plea is not permissible under Article 45, UCMJ, 10 U.S.C. § 845 (2002).
In sum, Supreme Court precedent implies that R.C.M. 910(c), like its Federal Rule 11(c) counterpart, may be satisfied by a factual inquiry, stipulation, or counsel’s assurance that the accused committed the offense. The facts in this case show comportment with this precedent and further demonstrate that there is no ‘“substantial basis’ in law and fact for questioning the guilty plea.” United States v. Prater, 32 M.J. 433, 436 (C.M.A. 1991). Appellant read the stipulation and discussed it with his defense counsel, and he agreed that the facts set forth in the stipulation of fact were accurate and that it was entered into voluntarily. Appellant understood that the stipulation would be used diming his providence inquiry. Appellant’s clear understanding of the nature of the offense becomes even more evident when the elements of attempted wrongful distribution are considered in discrete components as follows:
(1) That the accused did a certain overt act;
(2) That the act was done with the specific intent to commit a certain offense under the [UCMJ];
(3) That the act amounted to more than mere preparation; and
(4) That the act apparently tended to effect the commission of the intended offense.
MCM Part IV, para. 4(b)(l)-(4)(emphasis added).
Overt act. Twice Appellant admitted on February 16 he again “agreed to meet Petty Officer Agati someplace outside of Montauk and this time ... to give him two ounces of marijuana for $300.”
Intent. He twice admitted that he took “the $300 and ... intended to buy marijuana____”
More than mere preparation. Once he received the money he had planned on buying the marijuana and then “meet up with [Petty Officer Agati] again later that day.” Appellant admitted that but for having been stopped by the Drug Enforcement Agency agents and the agents from the Coast Guard Investigative Service, he would have carried out the crime.
Act tended to affect commission of offense. He fully admitted that he intended to carry out the distribution of the marijuana. The only reason he did not do it was because he was pulled over in his car by five black unmarked cars. He admitted that he intended to distribute marijuana wrongfully on February 16,1999. Defense counsel assured the military judge that no further questions were necessary to establish a knowing and voluntary plea.
In addition to Appellant’s personal admissions under oath, the stipulation of fact supports all four elements.
On 16 February 1999, SA Redlinski agreed to meet MK2 Agati at a corner store in a small town outside of Montauk, New York. SA Redlinski agreed to take $300.00 from MK2 Agati to purchase 2 ounces of marijuana for MK2 Agati. SA Redlinski believed MK2 Agati was going to sell the marijuana to his cousin to make some quick money to pay bills incurred by his wife. MK2 Agati gave SA Redlinski $300.00, and SA Redlinski took the money back to Montauk. On the way back to Montauk to purchase the marijuana, SA *123 Redlinski was stopped by Drug Enforcement Agency and Coast Guard Investigative Service Agents in 5 black cars. SA Redlinski was apprehended at that time.
In keeping with Morgan, this case contained a stipulation of fact, factual admission, a factual inquiry, and assurance from defense counsel that Appellant committed the offense of attempted distribution of marijuana. Given the existence of these factors, R.C.M. 910 was satisfied, and accordingly, Appellant’s plea was knowing and voluntary.
For these reasons, I would affirm the decision below.

. It will be seen that the ... [military judge] explained that he had to determine voluntariness and providency personally and asked the accused (1) if he knew his plea subjected him to a finding of guilty without further proof; (2) if he knew he could be sentenced to the maximum sentence; (3) if he understood the meaning and effect of his plea; (4) if he knew that the burden was on the Government to prove his guilt beyond a reasonable doubt; (5) if he knew he was entitled to plead not guilty; (6) if he knew the elements of the offense; (7) if he had adequate opportunity to consult with counsel on any matters he felt necessary; (8) if he was satisfied with his counsel; (9) whether counsel advised him of the maximum punishment; (10) if the decision to negotiate a plea originated with him; (11) if his plea was given voluntarily; (12) if anyone used force or coercion to get him to enter a guilty plea; (13) if he believed it was in his best interest to plead guilty; (14) if his plea was the product of free will and a desire to confess his guilt; and (15) if he knew he could withdraw his plea. In each instance, the answer was "yes."
The procedure that was followed here fell short of the one recommended ... because the ... [military judge] did not personally inform the accused of the elements constituting the offense and he did not establish the factual components of the guilty plea____
* # #
[T]he record of trial ... must reflect not only that the elements of each offense charged have been explained to the accused but also that the military trial judge ... has questioned the accused about what he did or did not do, and what he intended (where this is pertinent), to make clear the basis for a determination by the military trial judge ... whether the acts or the omissions of the accused constitute the offense or offenses to which he is pleading guilty____
Further, the record must also demonstrate the military trial judge ... personally addressed the accused, advised him that his plea waives his right against self-incrimination, his right to a trial of the facts by a court-martial, and his right to be confronted by the witnesses against him; and that he waives such rights by his plea.
United States v. Care, 18 C.M.A. 535, 539-41, 40 C.M.R. 247, 251-53 (1969).